IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PLAN PROS, INC. and<br>PRIME DESIGNS, INC.,<br><br>    Plaintiffs,<br><br>vs.<br><br>DULTMEIER HOMES CO. and<br>A DESIGN DISCOVERY INC.,<br><br>    Defendants. | Case No. 5:19-cv-04068-SAC-ADM |

**Brief in Support of Plaintiffs' Motion for Costs, Including Attorney Fees**

**I.    Summary of Argument**

Defendants made a joint offer of judgment pursuant to Fed. R. Civ. P. 68 on September 17, 2020 for $75,000. Defendants' offer did not include attorneys' fees, which plaintiffs acknowledge concomitantly limits Plaintiffs' fees to those accrued through the offer date. Plaintiffs timely accepted Defendants' offer and—as the prevailing parties to this copyright infringement action—Plaintiffs submit their application to recover attorneys' fees and costs under 17 USC § 505. Plaintiffs have incurred $124,237.20 in attorneys' fees and costs through the date of the offer of judgment. Defendants understand that their offer of judgment is subject to a fee award in an amount discretionary for the court. *See Tomelleri v. Quick Draw, Inc.*, 2016 U.S. Dist. LEXIS 63381, at *7-10 (D. Kan. May 12, 2016) ("Although attorneys' fees are awarded in the discretion of the trial court, they are the rule rather than the exception and should be awarded routinely.")(quoting *Micromanipulator Co., Inc. v. Bough*, 779 F.2d 255, 259 (5th Cir. 1985)). As set forth below, Plaintiffs respectfully request that the Court award Plaintiffs' their costs and reasonable attorneys' fees in successfully prosecuting this infringement action.

1

**II.     Introduction**

On August 2, 2019, Plaintiffs, Plan Pros, Inc. and Prime Designs, Inc., filed suit against Defendant Dultmeier Homes Co., alleging that Dultmeier infringed Plaintiffs' copyrights in Plaintiffs' architectural works and technical drawings. DE 1. Plaintiffs' also alleged that Dultmeier violated the Digital Millennium Copyright Act by removing or omitting Plaintiffs' copyright management information ("CMI") from Dultmeier's infringing works, or by affixing false CMI to Dultmeier's infringing works. *Id*. at 13-15. On January 28, 2020, Plaintiffs amended their complaint to include similar claims against Defendant A Design Discovery Inc., a home design company that provided the alleged infringing home plans to Dultmeier for a fee. DE 24. In Plaintiffs' prayer for relief, Plaintiffs sought, in addition to damages and other relief, "Plaintiffs' attorney fees" and "Plaintiffs' court costs, taxable costs, and the costs associated with the retention, preparation and testimony of expert witnesses[.]" *Id*. at 16.

Prior to filing suit, Plaintiffs discovered that Defendants had copied, without Plaintiffs' permission, Plaintiffs' copyright-protected home designs and Plaintiffs' original artwork depicting those home designs. *Id*. at 5-6. Plaintiffs also discovered that Defendants were advertising, constructing, and selling homes that were virtually identical to Plaintiffs' copyrighted home designs. *Id*. In fact, for several of Plaintiffs' works at issue in this case, Defendants directly copied Plaintiffs' front-elevation presentation artwork without making any changes at all, and used the copied artwork to advertise and sell Defendants' infringing home designs and at least 38 homes constructed from the alleged infringing designs. *Id*. Defendants' claimed profits made on the sales of those 38 homes exceeded $350,000. ***Exhibit 1***, Deposition Transcript of Jon

Rollenhagen, at 34. Here are a few examples of Defendants' infringing advertisements (from Defendants' website) compared with Plaintiffs' original presentation artwork:



Plan Pros Inc. Plan:
29300 "Leftwich"



Dultmeier Homes Plan:
Hawthorne



Plan Pros Inc. Plan:
29307 "Setterstrom"



Dultmeier Homes Plan:
Lindsey

4



Prime Designs Plan:
29538 "Grady"



Dultmeier Homes Plan:
Robin



Plan Pros Inc. Plan:
29374 "Crandall"



Dultmeier Homes Plan:
Chestnut

Over the 14 months from the date of filing, discovery in this case has been extensive, with voluminous paper discovery, expert discovery, third-party discovery, preparing for and/or taking 10 depositions, and informally resolving discovery disputes. *See **Exhibit 2***, Declaration of Sean J. Quinn, ¶ 9. Prior to conducting depositions, the parties attempted to resolve the matter with the

help of a mediator. *Id*. at ¶ 10. On July 13, 2020, the parties participated in a lengthy mediation session with Jerry Palmer, during which the Defendants' insurer's last settlement offer was $20,000.00. *Id*. at ¶ 11. Defendants and their insurer were keenly aware at mediation that Plaintiffs' sought substantial attorneys' fees in addition to actual and statutory damages in this case. *See* DE 24, Amended Complaint, Request for Relief. The parties also discussed attorneys' fees with the mediator and Plaintiffs asked for attorneys' fees as a separate award in their mediation submission. Ex. 2, Quinn Decl., ¶ 12. Furthermore, at the mediation, Plaintiffs advised the mediator, Jerry Palmer, that he could share Plaintiffs' mediation submission with counsel for Defendants. *Id*. at ¶ 13. A copy of Plaintiffs' mediation statement is attached as ***Exhibit 4***. *Id*. at ¶ 14. Mediation was unsuccessful and the parties then proceeded with depositions and additional written discovery over the course of the following months. *Id*. at ¶ 15. Plaintiffs incurred substantial costs and fees in conducting this discovery. *Id* at ¶ 16; Ex. 3, Bill of Costs.

On September 17, 2020, approximately 2 weeks before Defendants agreed to produce their responsive expert report and days before the scheduled depositions of two non-party witnesses, counsel for Defendants served a Rule 68 Offer of Judgment on Plaintiffs' counsel. *Id*. at ¶ 17; DE 56. Defendants' offer of judgment stated: "Defendants jointly offer plaintiffs $75,000.00 to resolve any and all issues by and between the parties." DE 56, Defendants' Offer of Judgment. Defendants' offer did not include costs and attorneys' fees. *Id*. Plaintiffs timely accepted Defendants' offer of judgment, which acknowledged the merits of Plaintiffs' claims and was intended to minimize Defendants' risks of greater losses. DE 57. The Court entered judgment in this matter on September 29, 2020. DE 58.

Defendants' omission of any reference to fees was not inadvertent. Copyright infringement cases involve a substantial risk that a losing party may have to compensate the prevailing party under 17 U.S.C §505. Fed. R. Civ. P. 68 is used to reduce that risk for the defendant and to concomitantly increase the risk to plaintiff; by including fees, however, the offer becomes relatively irrelevant because copyright infringement fees are often substantial. While in the Tenth Circuit Rule 68 does not entitle a defendant to recover its own fees for a judgment that does not exceed that offer, it does, practically, reduce the amount of attorneys' fees a court is likely to award. *See Warren Power & Mach., Inc. v. Bemis Constr., Inc.*, 205 Bankr. LEXIS 961, at *30 (Kan. Bankr. May 13, 2005) ("The obvious purpose of [Rule 68] is to facilitate settlement by forcing plaintiffs to carefully consider the substance of offers before they accept or reject them and by penalizing plaintiffs whose view of the value of their cases is later not shared by the finder of fact at trial.") Plaintiffs recognize that Defendants, in making an offer of judgment in this case, have done exactly that; in making the offer, Defendants introduced additional risk to Plaintiffs' right to recover attorneys' fees after the date of the offer of judgment if the value of Plaintiffs' case was later not shared by the jury.

For these reasons, and those explained below, Plaintiffs now seek their attorneys' fees and costs related to the reasonable and necessary work performed on this matter up to and including the date that Plaintiffs' made their offer of judgment, pursuant to 17 U.S.C. §§ 505 and 1203(b).

### III.   Argument

#### a.   Plaintiffs are Entitled to Attorneys' Fees.

Under 17 U.S.C. §§ 505 and 1203(b), a prevailing party in a copyright infringement and DMCA case is entitled to an award of costs and reasonable attorneys' fees incurred in litigating

claims arising under 17 U.S.C. §§ 106 and 1202. *See Bd. of Trs. v. Associated Bus. Consultants, Inc.*, 1989 U.S. Dist. LEXIS 13461, at *1-2 (D. Kan. Oct. 5, 1989); *Stockart.com, LLC v. Engle*, 2011 U.S. Dist. LEXIS 20470, at *44-49 (D. Colo. Feb. 18, 2011). "Plaintiffs may be considered 'prevailing parties' for attorneys' fees purposes if they succeed on any significant issue in litigation which achieves some of the benefits the parties sought in bringing the suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Ashley v. Atlantic Richfield Co.*, 794 F.2d 128, 131 (3d Cir. 1986); *see also Buckhannon Bd. & Care Home, Inc. v. W. Va. DHHR*, 532 U.S. 598. 603, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001); *Lima v. Newark Police Dep't*, 658 F.3d 324, 332 (3d Cir. 2011); *Bosley v. Mineral Cty. Comm'n*, 650 F.3d 408, 414 (4th Cir. 2011). "The fact that [a party] prevailed through a settlement rather than through litigation does not weaken her claim to fees." *Maher v. Gagne*, 448 U.S. 122, 129, 100 S. Ct. 2570, 65 L. Ed. 2d 653 (1980). Once a plaintiff accepts an offer of judgment under Fed. R. Civ. P. 68, "he or she becomes the prevailing party for costs and fee purposes." *Childress v. DeSilva Auto. Servs., LLC*, 2020 U.S. Dist. LEXIS 157367, at * 19 (D.N.M. Aug. 31, 2020) (citing *Maher*, 448 U.S. at 122; *Kahlil v. Original Old Homestead Rest., Inc.*, 657 F. Supp. 2d 470, 474 (S.D.N.Y. 2009)).

In Plaintiffs' original and amended complaints, Plaintiffs brought claims against Defendants under 17 U.S.C. §§ 106 and 1202 seeking, among other relief, damages, costs and attorneys' fees. Defendants made a joint offer of judgment pursuant to Fed. R. Civ. P. 68 for $75,000.00, that did not include costs and attorneys' fees. Plaintiffs timely accepted Defendants' offer. That offer and acceptance entitles Plaintiffs to $75,000.00 in damages and to an additional award for attorneys' fees. *Marek v. Chesny*, 473 U.S. 1, 6, 105 S. Ct. 3012, 87 L. Ed. 2d 1 (1985) ("[I]f the [Rule 68] offer does not state that costs are included and an amount for costs is not specified, the court will

9

be obliged by the terms of the Rule to include in its judgment an additional amount which in its discretion, it determines to be sufficient to cover the costs . . . ."); *Lima*, 658 F.3d at 331 ("When, however, the offer of judgment is silent as to fees and costs, they must be fixed by the court after the offer of judgment is accepted."); *Webb v. James*, 147 F.3d 617, 622 (7th Cir. 1998) ("[T]he effect of *Marek* is clear. Rule 68 offers must include costs. If the offer is silent as to costs, the court may award an additional amount to cover them. Where costs are defined in the underlying statute to include Attorney's fees, the court may award fees as part of costs as well."); *Erdman v. Cochise County*, 926 F.2d 877, 879-81 (9th Cir. 1991) (holding that a defendant's drafting error failing to explicitly include fees would be held against it and plaintiff could seek additional award of fees); *Arencibia v. Miami Shoes, Inc.*, 113 F.3d 1212, 1214 (11th Cir. 1997) ("The Supreme Court has held that when a Rule 68 offer is silent as to costs, the district court should award appropriate costs in addition to the amount of the offer."). Accordingly, Plaintiffs obtained substantial relief brought about by the prosecution of their complaint. Plaintiffs are, therefore, prevailing parties under the Copyright Act and DMCA, and are entitled to attorneys' fees and costs pursuant to the same.

### b. Awarding Plaintiffs their Reasonable Attorneys' Fees Will Further the Primary Objectives of the Copyright Act.

17 U.S.C § 505 governs the award of attorney's fees in copyright actions:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

The Copyright Act's attorney's fees provision was enacted in order to further the primary objective of the Copyright Act, which "is to encourage the production of original literary, artistic,

and musical expression for the good of the public." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 524 (1994). Courts may consider "nonexclusive factors" to decide whether to award attorney fees and costs under 17 U.S.C. § 505 to the prevailing party: (1) the frivolousness of the defense; (2) the losing party's motivations for contesting the action; (3) the objective reasonableness of the claims; and (4) the need to "advance considerations of compensation and deterrence." *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985, 195 L.Ed.2d 368, 118 U.S.P.Q.2d 1770 (2016); citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535 (1994). Each of the above *Fogerty* factors favors an award of attorney's fees to Plaintiffs.

Defendants' illegal copying of Plaintiffs' copyrighted architectural works, technical drawings, and presentation artwork threatened Plaintiffs' livelihood. Plaintiffs' primary business is designing, marketing, and licensing Plaintiffs' valuable intellectual property—i.e. Plaintiffs' home designs. Simply put, Plaintiffs have no good choice but to aggressively prosecute valid claims of copyright infringement. Pursuant to section 505 of the Copyright Act, plaintiffs should not be burdened with attorneys' fees incurred in prosecuting valid claims of copyright infringement. The purpose of copyright law is to promote progress in the arts, not to allow competitors and other companies, like Defendants, to copy Plaintiffs' original home designs without paying for them and without Plaintiffs' permission. Defendants admitted to copying Plaintiffs' presentation artwork by simply copying and pasting Plaintiffs' artwork from the internet and using that copied artwork to advertise Defendants' home designs on Defendants' website. **Exhibit 5**, Deposition Transcript of Annette Stahl, at 61-62. Awarding Plaintiffs' their reasonable attorneys' fees in prosecuting this clear case of infringement will promote the purpose of the Copyright Act in protecting original architectural designs and artistic works.

Plaintiffs are also entitled to recover their attorneys' fees because Plaintiffs' claims were objectively both legally and factually reasonable. Prior to filing suit, Plaintiffs discovered that Defendants had directly copied Plaintiffs' presentation artwork from the internet and used Plaintiffs' artwork to advertise Defendants' home designs and homes that Dultmeier constructed from those designs. Discovery revealed that these home designs of Defendants were also copies of Plaintiffs' copyright protected architectural works[1], with a few minor changes to Plaintiffs' protected floorplans and elevations. ***Exhibit 6***, Expert Report of Matthew McNicholas. Plaintiffs also discovered that Dultmeier constructed dozens of homes from these infringing home plans and compensated A Design Discovery for the use of and creation of the infringing designs. Ex. 1, Rollenhagen Dep. Tr., at 33. Defendants' substantial offer of judgment to settle this matter reinforces the reasonableness of Plaintiffs' infringement claims. As such, this factor weighs heavily in Plaintiffs' favor and awarding Plaintiffs' their reasonable attorneys' fees for prosecuting this case successfully is appropriate and will promote the aims of the Copyright Act.

Competitors of Plaintiffs, like A Design Discovery, and homebuilders who advertise and construct homes from copied home designs, like Dultmeier, should also be deterred from doing so in the future. Awarding Plaintiffs their reasonable attorneys' fees will help in deterring such illegal actions. If Defendants are not penalized for their attempts to freeload off of Plaintiffs' valuable intellectual property, the lifeblood of Plaintiffs' business, it will simply invite others to do the same without fear of consequences. Actions such as Defendants', including the brazen copying of Plaintiffs' original presentation artwork, should be deterred.

---

[1] Plaintiffs own valid copyrights in each of Plaintiffs' works at issue. *See **Exhibit 10***, Certificates of Copyright Registration. Plaintiffs' certificates of registration are *prima facie* evidence of Plaintiffs' ownership of valid copyrights in the Copyrighted Works.

### c. The Amount of Attorneys' Fees and Costs Requested is Reasonable.

To determine whether the amount of a requested fee is reasonable, a court must assess the amount of hours reasonably expended on litigation multiplied by a reasonable hourly rate. *Hensley*, 461 U.S. at 433; *Pennsylvania v. Delaware Valley Citizens Council*, 478 U.S. 546, 564 (1986); *Blum v. Stenson*, 465 U.S. 886, 888 (1984). The product of the hourly rate times the number of hours is the lodestar fee, which is presumed to be reasonable. *Burlington v. Dague*, 505 U.S. 557, 562 (1992). As explained below, both the hourly rates and the hours expended on this litigation were reasonable.

### i. The Rates of Plaintiffs' Attorneys are Reasonable.

"[A] reasonable rate is generally the rate charged by an attorney of like 'skill, experience, and reputation.'" *Pierce v. Underwood*, 487 U.S. 552, 581 (1988) (quoting *Blum*, 465 U.S. at 886, n. 11).

Plaintiffs' attorneys' hourly rates are as follows:

1. Steven H. Mustoe, Partner, Evans & Dixon LLC: $295

2. Scott Strohm, Associate, Evans & Dixon LLC: $195

3. Lita Pheffer, Paralegal, Evans & Dixon LLC: $85

4. John D. LaDue, Partner, SouthBank Legal: LaDue Curran Kuehn: $500

5. Sean J. Quinn, Partner, SouthBank Legal: LaDue Curran Kuehn: $330-350

In support of the above rates, Plaintiffs' attorneys Steven H. Mustoe, John D. LaDue, and Sean J. Quinn have submitted declarations showing that they are experienced intellectual property

13

litigators with knowledge and expertise in copyright matters. ***Exhibits 2, 7 and 8***. These declarations set forth, among other things, Plaintiffs' attorneys' qualifications and the qualifications of others in their respective firms who engaged in work on this case. Mr. Mustoe, Mr. LaDue, and Mr. Quinn declare their knowledge of the reputations of the attorneys and paralegals above and to the reputations of the firms for which all counsel above worked during the period of time for which they seek fees. These declaring attorneys attest that the rates sought are reasonable in light of the experience of Plaintiffs' attorneys and their (and their firms') reputations in the legal community. They further declare that those rates are consistent with or less than the hourly rates charged by other attorneys with similar reputations and levels of experience.

Case law also supports the reasonableness of the above rates. In *Dunn & Fenley, LLC v. Diedrich*, this court approved the reasonableness of attorneys' fees in a Kansas copyright case of $360 for an attorney with 16-years' experience, $270 for an attorney with 7 years' experience, $205 for an attorney with 1-year's experience, and $185 for paralegals. 2012 U.S. Dist. LEXIS 12574, at *18 (D. Kan. 2012).

Courts have also approved the American Intellectual Property Law Association's Economic Survey as a basis for fee awards. *See, e.g., Eli Lilly and Co. v. Zenith Goldline Pharm.*, 264 F.Supp.2d 753, 783 (S.D. Ind. 2003). ("For these reasons, the court exercises its discretion to take that approach here and applies the 2001 AIPLA survey rates."). The 2015 AIPLA Survey of Costs of Copyright Infringement Litigation shows for claims involving under $1,000,000 in the "Other Central" region of the U.S. that the average legal fee to take a case through the "end of discovery" is $250,000. ***Exhibit 9***, 2015 AIPLA Survey of Costs of Copyright Infringement Litigation. The

average legal fee to take such a case through trial is $1,175,000. *Id*. Here, this case went through nearly the entire discovery period, and involved extensive and costly expert discovery. Thus, the amount sought is in line with AIPLA's projected fees in a case such as this. Here, Plaintiffs seek an award, including costs and fees, of $124,237.20. This is wholly reasonable under the circumstances and for more than a year of intense litigation.

        **ii.**        **The Attorneys' Hours Expended in Prosecution of this Case are Reasonable.**

Each attorney (and paralegal) involved in this matter has provided detailed documentation of their hours. See Ex. 3, Bill of Costs. The hours expended in the matter were reasonable in light of the issues presented.

The representation in this case, now over 14 months since the original complaint was filed, involved, among other things, assessments of the claims to be brought and the filing of the original complaint, extensive written discovery (including review of thousands of pages of documents, websites, and other materials), expert discovery, third-party discover, motion practice, amending pleadings, informally resolving discovery disputes, mediation, and preparing for and/or participating in approximately 10 depositions. The two firms that represented the Plaintiffs were opposed by two firms for the Defendants.

Plaintiffs' attorneys' time is set forth in Exhibit 3. One attorney, Sean J. Quinn, handled the bulk of the work. Specifically, for most of the timeframe of this case, Mr. Quinn had primary responsibility for all major matters, including handling most discovery matters, including taking and defending numerous depositions and preparing and responding to written discovery with the assistance of Plaintiffs. The other attorneys and paralegal involved handled specific matters and generally assisted Mr. Quinn with prosecuting the case. Mr. Mustoe and Mr. LaDue were also

heavily involved in discussions of the major decisions throughout the case and were involved in mediation and other case management matters and hearings.

Given the extensive work performed, and as the hours submitted are detailed and set forth how the hours were reasonably expended on the litigation of the instant case, the number of hours for work performed is reasonable. A summary of the hours for each attorney is set forth below.

### d. Costs

The costs related to this litigation are also reasonable. The only reimbursement of costs Plaintiffs seek is for funds billed (and paid by Plaintiffs) for work performed on this case by a court transcriber, a mediator, and a trial graphics professional, as well as expenses incurred for filings, PACER searches, and limited travel. *See* Exhibit 3, Bill of Costs.

### e. Total Costs and Fees Requested

Based on the above, Plaintiffs are entitled to the following costs and fees:

|  | Hourly Rates | Hours | Total |
|---|---|---|---|
| Steven H. Mustoe (Partner) | $295 | 39.60 | $9,979.10 |
| Scott Strohm (Associate) | $195 | .90 | $167.70 |
| Lita Pheffer (paralegal) | $85 | 5.60 | $456.45 |
| John D. LaDue (Partner) | $500 | 12.2 | $6,100.00 |
| Sean J. Quinn (Partner) | $330-350 | 283.7 | $99,774.05 |
| Costs |  |  | $7,759.90 |
| Total Requested |  |  | $124,237.20 |

## IV.     Conclusion

For the reasons set forth above, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Costs, Including Attorneys' Fees, in the amount of $124,237.20.

Respectfully submitted,

John D. LaDue (PHV)
Sean J. Quinn (PHV)
SOUTHBANK LEGAL: LADUE | CURRAN | KUEHN
100 East Wayne Street, Suite 300
South Bend, Indiana 46601
Telephone: (574) 968-0760
Facsimile: (574) 968-0761
jladue@southbank.legal
squinn@southbank.legal


/s/ *Steven H. Mustoe*
Steven H. Mustoe
EVANS & DIXON LLC
82 Corporate Woods
10851 Mastin Blvd., Suite 900
Overland Park, KS 66210
Telephone: (913) 440-0004
Facsimile: (913) 341-2293
smustoe@evans-dixon.com


ATTORNEYS FOR PLAINTIFFS


## CERTIFICATE OF SERVICE

I certify that on October 13, 2020, I served the foregoing document via CM/ECF and electronic mail upon all counsel of record.

/s/ *Steven H. Mustoe*
Steven H. Mustoe