IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

PLAN PROS, INC., et al.,

        Plaintiffs,

Vs.                                                              No.   19-4068-SAC-ADM

DULTMEIER HOMES CO., et al.,

        Defendants.

MEMORANDUM AND ORDER

The case comes before the court on the plaintiff Plan Pros, Inc.'s ("Plan Pros'") motion for costs and attorneys' fees (ECF# 60). The defendant Dultmeier Homes Co. and A Design Discovery Inc. (jointly referenced as "Dultmeier") jointly made an offer of judgment pursuant to Fed. R. Civ. P. Rule 68 on September 17, 2020, that stated, "Defendants jointly offer plaintiffs $75,000.00 to resolve any and all issues by and between the parties." ECF# 56. One week later, the plaintiffs filed their notice to "accept the Joint Offer of Judgment." ECF# 57. The Clerk thereafter entered judgment pursuant to Rule 68 and the parties' offer and acceptance that "the plaintiffs, Plan Pros, Inc. and Prime Designs, Inc., shall recover from the defendants, Dultmeier Homes, Co. and A Design Discovery, Inc., the sum of $75,000.00." ECF# 58, p. 1.

There are two outstanding procedural issues needing resolution before this court may decide this motion. The first is Dultmeier's motion to

strike (ECF# 63) the plaintiff's reply (ECF# 62) as untimely filed. Plan Pros filed its motion for costs including statutory attorney's fees on October 13, 2020, (ECF# 60), and Dultmeier filed its objection and opposition on October 27, 2020 (ECF# 61). Plan Pros filed its reply 14 days later, November 10, 2020. ECF# 62. Two days later, Dultmeier filed its motion to strike Plan Pros' reply arguing it was due on November 3, 2020, pursuant to D. Kan. Rule 54.1(b)(2). ECF# 63. In the alternative, Dultmeier asks for the court's leave to file a sur-reply addressing plaintiff's certification and reasonable efforts to discuss fees.

       The court denies the motion to strike but grants Dultmeier leave to file a sur-reply. Rule 54(d)(1) and (2) of the Federal Rules of Civil Procedure distinguish between costs other than attorney's fees and a claim for attorney's fees, and our court's local rules make a similar distinction in having D. Kan. Rules 54.1 and 54.2. As there may be confusion here as to which governs when both costs and fees are requested, the court will apply D. Kan. Rules 54.2 and 6.1(d) and accept Plan Pros' reply as timely. The court also grants leave for Dultmeier to file a sur-reply.

       The court, however, finds Plan Pros' local rule certification (ECF# 62-1) to be insufficient. Under Rule 54.2, Plan Pros has the burden to "initiate consultation" and "[t]he statement of consultation must set forth the date of consultation, the names of those who participated, and the specific results achieved." Plan Pros' approach and summary of what

occurred fails to satisfy the spirit and letter of this provision. The court awaits Plan Pros' timely compliance with this rule. If the parties fail to resolve the matter, Dultmeier shall file any sur-reply within 14 days after the Plan Pros has filed its statement of consultation.

IT IS THEREFORE ORDERED that Dultmeier's motion to strike (ECF# 63) the plaintiff's reply (ECF# 62) is denied, but if this matter is not later resolved, leave is granted for Dultmeier to file a sur-reply 14 days after Plan Pros files its statement of consultation.

Dated this 4th day of December, 2020, Topeka, Kansas.

/s Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge